IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) SAMUEL BINGAMAN, individually and on behalf of all other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>(2) AVEM HEALTH PARTNERS, INC.,<br><br>Defendant. | Case No. CIV-23-130-SLP<br>*(Formerly Grady County District Court No. CJ-2022-239)* |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, AVEM HEALTH PARTNERS, INC. ("Avem") removes the action filed by SAMUEL BINGAMAN ("Plaintiff") in the District Court within and for Grady County, State of Oklahoma, Case No. CJ-2022-239, to the United States District Court for the Western District of Oklahoma.

## JURISDICTION AND VENUE

1. This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper under the Class Action Fairness Act of 2005, codified in part at 28 U.S.C. Section 1332(d).

2. This action has been removed to the proper Federal District Court. The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file in "the district court of the United States for the district and division within which such action is

pending." Currently, this action is pending in the District Court of Grady County, State of Oklahoma. The Western District of Oklahoma includes the County of Grady County. *See* 28 U.S.C. § 116(c). Therefore, removal to this Court is proper.

## THE ACTION & TIMELINESS OF REMOVAL

## FACTUAL AND PROCEDURAL BACKGROUND

3. On December 29, 2022, Plaintiff, purportedly on behalf of himself and all other similarly situated person, filed a Class Action Complaint (the "Complaint") against Avem and former-defendant 365 Data Center Services, LLC ("365")[1] in the District Court within and for Grady County, State of Oklahoma, Case No. CJ-2022-239 (the "State Court Action"). Plaintiff filed the Complaint as a putative class action.

4. Plaintiff served Avem with the Complaint and Summons "by traceable mail on January 10, 2023." A true and correct copy of the Complaint is attached to this Notice of Removal as **EXHIBIT 2**. True and correct copies of all other documents filed in the State Court Action along with the State Court Action docket sheet are attached hereto as **EXHIBITS 1-9**, in accordance with LCvR 81.2.

5. This removal is timely under 28 U.S.C. § 1446(b) because Avem filed this removal within 30 days of being served with the Complaint. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (time period for removal begins when the defendant is served).

---

1. On January 20, 2023, Plaintiff filed a Notice of Dismissal Pursuant to 12 O.S. § 683 as to Defendant 365 Data Centers Services, LLC. Therefore, 365 is no longer a named defendant in the Action.

## CAFA JURISDICTION

6. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA") (codified in pertinent part at 28 U.S.C. § 1332(d)). Section 1332(d) provides that a district court shall have original jurisdiction of a class action with one hundred (100) or more putative class members, in which the matter in controversy, in the aggregate, exceeds the sum or value of $5 million. Section 1332(d) further provides that where, as here, the putative class members are citizens of the state in which the action was filed, the defendant must be a citizen of a different state.

7. As set forth below, pursuant to 28 U.S.C. § 1441(a), Avem may remove the State Court Action to federal court under the Class Action Fairness Act of 2005 because: (i) this action is pled as a class action; (ii) the putative class includes more than one hundred (100) members; (iii) members of the putative class are citizens of a state different from that of Avem; and (iv) the matter in controversy, in the aggregate, exceeds the sum or value of $5,000,000, exclusive of interest and costs.

## THE ACTION IS PLED AS A CLASS ACTION

8. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332 (d)(1)(B).

9. Plaintiff seeks class certification under Oklahoma law pursuant to 12 O.S. § 2023(A) and (B). [Compl., ¶ 134.] "Section 2023 is nearly identical to Rule 23 of the Federal Rules of Civil Procedure…." *Avens v. Cotton Elec. Coop., Inc.*, 377 P.3d 163,

165 (Okla.Civ.App.2016). Thus, the first CAFA requirement is satisfied. [Compl. ¶ 6 ("Plaintiff brings this *class action lawsuit*...." (emphasis added).]

## THE PUTATIVE CLASS INCLUDES AT LEAST 100 MEMBERS

10.     As the basis for his Complaint, Plaintiff alleges that Avem, a provider of "administrative and technology services to healthcare services, primarily to rural hospitals," [Compl. ¶ 2], "collect[ed] from patients personally identifiable information ('PII') and protected health information ('PHI') as defined by the Health Insurance Portability and Accountability Act ('HIPPA')," [*Id.* at ¶ 4]. Plaintiff further alleges that "Defendants[] inadequate[ly] safeguard[ed]...Class Members' Personal and Medical Information that [they] collected and maintained" and "fail[ed] to provide adequate notice to Plaintiff and other Class members that their information had been subjected to the unauthorized access of an unknown third party and precisely what specific type of information was accessed." [*Id.* at ¶ 6.] Plaintiff defines this alleged "unauthorized access" as the "Data Breach" or the "Breach". [*Id.* at ¶ 1.]

11.     From these allegations, Plaintiff asserts eight purported causes of action against Avem: (1) negligence; (2) negligence *per se*; (3) invasion of privacy; (4) breach of implied contract; and (5) unjust enrichment; (6) breach of confidentiality; (7) breach of fiduciary duty; (8) breach of covenant of good faith and fair dealing. [*See generally id.*]

12.     Plaintiff purports to bring these purported causes of action on behalf of a nationwide class (the "Class"). [Compl. ¶ 135.] Plaintiff defines the Class as: "All persons whose Personal and Medical Information was maintained on Defendants' system that was compromised in the Data Breach and who were sent a notice of the Data

Breach." [*Id.* at ¶ 135.]

13. Plaintiff alleges that the Data breach impacted "Plaintiff and 271,303 other similarly situated persons….." [*Id.* at ¶ 1.]

14. Furthermore, based on Avem's internal records, Avem estimates that at least 200,000 individuals were mailed notification of the Data Breach.

15. Therefore, based on Plaintiff's own allegations and the number of individuals to whom Avem mailed notification of the Data Breach, the number of putative class members exceeds the statutorily required minimum of 100.

## MINIMAL DIVERSITY OF CITIZENSHIP EXISTS

16. Pursuant to 28 U.S.C. § 1332(d)(2)(A), the "district court shall have original jurisdiction" over a "class which . . . any member of the class of plaintiffs *is a citizen of a State different from any defendant*." (emphasis added).

17. <u>Plaintiff's Citizenship.</u>  As alleged in the Complaint, Plaintiff "is a citizen and resident of Chickasha, Oklahoma." [*Id.* at ¶ 18.]

18. <u>Class Member Citizenship.</u>  Avem mailed notifications to approximately 200,000 individuals that their PII and/or PHI may have been impacted in the Data Breach. Those approximately 200,000 individuals lived in a wide variety of states, including, but not limited to, Alabama, Arkansas, Arizona, California, Florida, Georgia, Indiana, Kansas, Minnesota, New Hampshire, New Mexico, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Virginia, Vermont, Washington, and Wisconsin.

19. Furthermore, Avem identified an additional approximately 70,000 individuals who may have been impacted by the Data Breach but for whom Avem lacked

a mailing address.

20. It is, therefore, more likely than not that at least one of these approximately 200,000 individuals to whom Avem mailed notification of the Data Breach was a citizen of a state other than Oklahoma. *Jeter v. Wild W. Gas*, LLC, No. 12-CV-411-TCK-PJC, 2014 WL 3890308, at *6 (N.D. Okla. Aug. 7, 2014) ("Although a person's residency in a state does not control whether they are also a 'citizen' of that state, [Citation], the Tenth Circuit has also stated that the place of residence is *prima facie* the domicile." (internal quotations omitted)).

21. <u>Avem's Citizenship</u>.  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or its "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). "[I]n practice," a corporation's "nerve center" should "normally be the place where the corporation maintains its headquarters." *Id*. "The public often (though not always) considers it the corporation's main place of business." *Id.* at 1193.

22. As Plaintiff alleges, Avem is a corporation incorporated under the laws of Delaware and with its "headquarters," and, as such, its principal place of business in Oklahoma. [Compl. ¶ 19.]  *See also Hertz Corp.,* 130 S. Ct. at 1192. Accordingly, Avem is a citizen of the States of Delaware and Oklahoma.

23. As established in Paragraphs 17-19 above, minimal diversity of citizenship

is established, pursuant to CAFA, because Class members are citizens of states other than Delaware and Oklahoma.

## THE AMOUNT IN CONTROVERSY EXCEEDS THE CAFA THRESHOLD[2]

24. Where a complaint does not specify the amount of damages sought, as is the case with Plaintiff's Complaint, the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount-in-controversy is satisfied. 28 U.S.C.A. § 1446(c)(2)(B). The Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" to meet this threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

25. As demonstrated below, the allegations in the Complaint make it more likely than not that the amount in controversy under CAFA exceeds $5,000,000.

26. <u>Plaintiff's Alleged Damages</u>.  Plaintiff alleges to have been "forced to spend time dealing with the consequences of the Data Breach, including time spent verifying the legitimacy of the breach notification letter, reviewing and self-monitoring his financial accounts statements and other personal information, exploring his options for best protecting himself, securing credit monitoring and identity theft protection services, and taking other continued actions in an attempt to lessen the harms to h[im] as a result of the Data Breach." [Compl. ¶ 40.] Furthermore, Plaintiff alleges that he

---

2. The amounts set forth in this Notice of Removal are solely for purposes of establishing that the amount in controversy exceeds the $5,000,000 threshold and are not intended and cannot be construed as an admission that Plaintiff can state a claim or is entitled to damages in any amount. Defendant denies liability, denies Plaintiff is entitled to recover any amount, and denies that a class can be properly certified in this matter.

"suffered actual injury and damages due to Defendants' mismanagement of h[is] Personal and Medical Information before and throughout the Data Breach." [*Id.* at ¶ 43.] Plaintiff also alleges that he "suffered actual injury in the form of damages and diminution in the value of his Personal and Medical Information-a form of intangible property that he entrusted to Defendants for the purpose of providing healthcare related services, which was compromised in and as a result of the Data Breach." [*Id.* at ¶ 44.] Additionally, Plaintiff alleges that he suffered "lost time, annoyance, interference, and inconvenience as a result of the Data Breach, and he has suffered anxiety and increased concerns for the theft of his privacy since he received the Notice Letter. He is especially concerned about the theft of his full name paired with his Social Security number, address, and date of birth." [*Id.* at ¶ 45.]

27.     In addition to these claims for economic damages, Plaintiff seeks an order mandating that Avem "pay for not less than five (5) years of credit monitoring service for Plaintiff and the class." [Compl., Prayer for Relief (e).]

28.     Currently, the cost of one year of credit monitoring ranges from $90 to $299.88. Specifically, LifeLock by Norton advertises the most basic version of credit monitoring at $7.50 per month for the first year.[3] Aura advertises credit monitoring for

---

[3] LifeLock.norton.com (available at: https://lifelock.norton.com/lp/sem/semidt-b-mbg-lsa?om_sem_cid=hho_sem_sy:us:ggl:en:e:br:ll:397052121721:c:google:1584904959:66661422904:kwd-295997165667&promocode=BSEM60MBGCBU&utm_source=google&utm_medium=cpc&utm_campaign=1584904959&adgroup=66661422904&utm_term=lifelock%20credit%20monitoring&targetid=kwd-295997165667&matchtype=e&utm_content=397052121721&network=g&device=c&adp=&testgroup=&pgrid=66661422904&ptaid=kwd-

$10 per month.[4] And Experian offers credit monitoring for $24.99 per month.[5]

29. Using the most conservative cost of credit monitoring ($90 per year), the cost of credit monitoring claimed by Plaintiff far exceeds the $5 million amount-in-controversy CAFA requirement. Indeed, the most conservative estimate of the amount in controversy, as alleged by Plaintiff, is $90,000,000 (calculated as: $90 per year x 5 years x 200,000 class members).

30. <u>Other Claims</u>. In addition to the damages discussed above, Plaintiff also requests equitable relief (among other forms of relief not calculated above) for Class members. [Compl., Prayer for Relief.] *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001), *holding modified by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005) (holding that the potential for punitive damages may still be considered for purposes of amount in controversy). No allegations in the Complaint allow Avem to calculate the amount of these alleged damages and relief. However, Avem points out the allegations to the Court as further evidence that the amount in controversy exceeds $5,000,000, as already established above.

---

295997165667&gclid=EAIaIQobChMI34XJ4-v__AIVeBPUAR2AXge_EAAYASAAEgIrXPD_BwE&gclsrc=aw.ds# (last vested: February 5, 2023).

[4] Aura.com (available at: https://buy.aura.com/credit-monitoring?mktp=google&c1=15487782469&c2=138948343669&utm_source=google&utm_medium=cpc&utm_content=612945187918&utm_campaign=15487782469&gclid=EAIaIQobChMIioHO7uz__AIVCBhMCh2K1gkBEAAYAiAAEgJiQPD_BwE) (last visited: February 5, 2023).

[5] Experian.com (available at: https://www.experian.com/consumer-products/compare-identity-theft-products.html (last visited: February 5, 2023).

31. Accordingly, diversity, class size, and amount in controversy requirements of the Class Action Fairness Act are also satisfied. Avem has properly removed the State Court Action to this Court.

## NOTICE TO STATE COURT

32. As required by 28 U.S.C. § 1446(d), Avem will serve written notice of the filing of this Notice of Removal on Plaintiff, and Avem has filed a copy of the Notice of Removal with the Clerk of the District Court in and for Grady County, State of Oklahoma.

WHEREFORE, Defendant, AVEM Health Partners, Inc., removes this action from the District Court in and for Grady County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma.

Respectfully submitted,

By: */s/ Brad Roberson*
Brad Roberson, OBA No. 18819
Blake T. Burns, OBA No. 34621
ROBERSON, KOLKER, COOPER, P.C.
16408 Muirfield Place
Edmond, Oklahoma 73013
Telephone:    405.606.3333
Facsimile:     405.606.3334
Email:          brad@rkclaw.com
                   blake@rkclaw.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

William B. Federman, Esquire

*s/ Brad L. Roberson*
For the Firm

I hereby certify that on February 9, 2023, I served the same document by U.S. Postal Service on the following who is not a registered participant of the ECF system:

Lisa Hannah, Court Clerk
Grady County Courthouse
4th & Choctaw Street
Post Office Box 605
Chickasha, Oklahoma 73023

*s/ Brad L. Roberson*
For the Firm
