IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAMUEL BINGAMAN, WILLIAM SWIGERT, SHANE WILSON, and MARIA RUSCKIEWICZ, individually and on behalf of all similarly situated persons, <br><br> Plaintiffs, <br><br> And <br><br> ROSALIE DUPUS, individually and on behalf of all similarly situated persons, <br><br> Consolidated Plaintiff, <br><br> v. <br><br> AVEM HEALTH PARTNERS, INC., <br><br> Defendant. | Case No. CIV-23-130-SLP <br><br> Consolidated with: <br> Case No. CIV-23-134-SLP <br><br> Honorable Judge Scott L. Palk |

**DECLARATION OF WILLIAM B. FEDERMAN
IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION
FOR PRELMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, **William B. Federman**, declare under penalty of perjury as follows:

1. I am an attorney duly admitted to the bars of the states of Texas, Oklahoma, and New York. I was previously appointed by the Court as Interim Lead Class Counsel in this matter (ECF No. 37). I am a founder and managing member of the law firm Federman & Sherwood, Counsel for Plaintiffs in the above referenced action. I submit this declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class

1

Action Settlement and Memorandum of Law in Support, filed contemporaneously herewith.

2.  Plaintiffs Samuel Bingaman, William Swigert, Shane Wilson, Rosalie Dupus, and Maria Ruskiewicz, on behalf of themselves and all other members of the putative class (collectively, "Plaintiffs"), and Defendant Avem Health Partners, Inc. ("Defendant" or "Avem") have reached an agreement to settle this Action pursuant to the terms of the Settlement Agreement, attached hereto as **Exhibit A**.[1]

3.  The Settlement provides substantial benefits to the Settlement Class, including significant monetary benefits and extensive identity theft protection and credit monitoring. Notably, the Settlement provides a non-reversionary cash settlement fund of $1,450,000 to the Settlement Class Members.

4.  The proposed Settlement was agreed to following extensive arm's-length settlement discussions between the Parties, including a full-day mediation session on May 18, 2023, assisted by the highly respected mediator, Bennet G. Picker. Although the Parties did not resolve the case during the mediation session, significant progress was made. After the conclusion of the mediation session, the Mediator provided a confidential mediator's proposal to the Parties, which was considered by Plaintiffs and Defendant for approximately one week before both Parties agreed to accept the proposal. The acceptance of the Mediator's proposal resulted in an agreement to settle this matter in principle. In the

---

[1] All capitalized terms not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

weeks that followed, the Parties negotiated the finer points of the Settlement Agreement and exchanged multiple phone calls and emails, culminating in the Settlement Agreement.

5. Before settlement negotiations, Plaintiffs sought and obtained informal discovery from Avem on a number of topics, including: the number of individuals whose PII/PHI was compromised during the Data Security Incident; the types of PII/PHI exposed; the mechanics of the Data Security Incident; the remedial actions Avem took after the Data Security Incident; and the terms of any potentially applicable insurance coverage. Indeed, the Settlement was achieved only after: a thorough pre-complaint investigation that culminated in the preparation of a detailed consolidated complaint; the consideration of relevant informal discovery; the preparation of a detailed mediation statement; and weeks of settlement negotiations.

6. By the time the Settlement in principle was reached, Plaintiffs and Class Counsel were well informed about the strengths and weaknesses of the Action.

7. After the Settlment was reached, Class Counsel undertook a competitive bidding process to achieve an excellent Settlement Administrator for the Class – Simpluris. This included soliciting cost proposals from five different settlement administrators. Simpluris is a well-known firm with a history of successfully administering many class action settlements, including other data breach settlements. The Parties selected Simpluris after considering bids from multiple administration firms and believe that Simpluris will be able to meet the obligations imposed on the Settlement Administrator under the settlement for a reasonable cost.

8. It is Class Counsel's opinion that the Settlement is fair, reasonable, and adequate considering the significant benefits to the Settlement Class as well as the risks and delays attendant to further protracted litigation. This view is informed by proposed Class Counsel's decades of work litigating complex actions. Federman & Sherwood has extensive experience in the successfully litigating data breach class actions. *See* Resumé of Federman & Sherwood, attached hereto as **Exhibit B.**

9. Class Counsel represents that there are no agreements related to the settlement other than those reflected in the Settlement Agreement itself and an agreement with Simpluris to perform notice and settlement administration services if this motion is granted by the Court.

10. The Settlement Class Representatives have also demonstrated their adequacy by: (i) selecting well-qualified Class Counsel; (ii) producing information and documents to Class Counsel to permit investigation and development of the complaints; (iii) being available as needed throughout the litigation; and (iv) monitoring the Litigation. Plaintiffs do not have any interests antagonistic to other class members.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 18, 2023                             Respectfully submitted,

*/s/: William B. Federman*
William B. Federman
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
wbf@federmanlaw.com

## **CERTIFICATE OF SERVICE**

This is to certify that on August 18, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/: William B. Federman*
William B. Federman