IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAMUEL BINGAMAN, WILLIAM SWIGERT, SHANE WILSON, and MARIA RUSKIEWICZ, individually and on behalf of all similarly situated persons,<br><br>Plaintiffs,<br><br>and<br><br>ROSALIE DUPUS, individually and on behalf of all similarly situated persons,<br><br>Consolidated Plaintiff,<br><br>v.<br><br>AVEM HEALTH PARTNERS, INC.,<br><br>Defendant. | Case No. CIV-23-130-SLP<br><br>Consolidated with:<br>Case No. CIV-23-134-SLP<br><br>Magistrate Judge Suzanne Mitchell |

**DECLARATION OF WILLIAM B. FEDERMAN
IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL
<u>APPROVAL OF CLASS ACTION SETTLEMENT</u>**

I, **William B. Federman**, declare under penalty of perjury as follows:

1. I am an attorney duly admitted to the bars of the states of Texas, Oklahoma, and New York. I was previously appointed by the Court as Interim Lead Class Counsel in this matter (ECF No. 37). I am a founder and managing member of the law firm Federman & Sherwood, Counsel for Plaintiffs in the above referenced action. I submit this declaration in support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Memorandum of Law in Support, filed contemporaneously herewith.

I.      **THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE**

1.      On August 18, 2023, Samuel Bingaman, William Swigert, Shane Wilson, Rosalie Dupus, and Maria Ruskiewicz (collectively, "Plaintiffs" or "Class Representatives") and Avem Health Partners, Inc. ("Avem" or "Defendant") (together, the "Parties") reached an agreement to settle this Action pursuant to the terms of the Settlement Agreement and Release (the "Settlement Agreement").[1]

2.      Through the Settlement, Defendant has made a generous non-reversionary Settlement Fund of $1,450,000.00 available to pay for the costs and expenses of this settlement including the following substantial benefits for Settlement Class Members: (i) reimbursement up to $7,000.00 for Documented Out-Of-Pocket Losses; (ii) reimbursement of Lost Time at a rate of $25.00 per hour (a maximum of 5 hours); and (iii) 3 years of credit monitoring and identity theft protection services. *See* SA, ¶¶ 52, 54, 57. A claim for Lost Time may be combined with a claim for reimbursement for Documented Out-of-Pocket Losses, but a Settlement Class Member will not be eligible to receive more than the $7,000.00—the individual cap. *Id.* ¶ 54. Additionally, and in lieu of receiving a reimbursement for Documented Out-Of-Pocket Losses, reimbursement for Lost Time, and/or Credit Monitoring and Identity Theft Protection Services, all Settlement Class Members may elect to submit a claim for a one-time Alternative Cash Payment of up to $100.00. *Id.* ¶ 58. This is in addition to the meaningful remediation measures Defendant is

---

[1] All capitalized terms shall have the definitions set forth in the Settlement Agreement, attached as Exhibit A to the Declaration of William B. Federman in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 54-1).

undertaking at its own expense, completely separate and apart from the $1,450,000.00 made available to the Class. *See id.* ¶ 69.

3. The Settlement was the result of hard-fought arm's length negotiations between competent and experienced counsel. The negotiations involved extensive back and forth between the Parties, which spanned the course of weeks.

4. While I believe Plaintiffs' case against Defendant is strong, there would be many hurdles to overcome in a case of this size and scope, including: class certification, *Daubert* motions, summary judgment, trial, and appeals, which could all potentially impede Plaintiffs' ability to secure a recovery for the Class. The Settlement confers immediate and substantial benefits on the Settlement Class without the delay of protracted litigation that could last years. At the same time, the certainty of the Settlement eliminates the risk that continued litigation might yield little or nothing for the Class given the difficulties of obtaining class certification and establishing liability and damages.

5. Therefore, it is my opinion that the Settlement achieved here represents an excellent result considering the significant benefits to the Settlement Class as well as the risks and delays attendant to further protracted litigation.

6. My opinion is informed by my years of experience litigating complex class actions, including data breach class actions. Indeed, I have successfully prosecuted and settled numerous data breach class actions, consumer class actions, and other complex litigation throughout the country. *See* ECF 54-7 (Federman & Sherwood firm resume).

7. Class Counsel were instrumental in researching the case, developing the factual background and claims, working with counsel for Defendant to facilitate exchanges

of relevant information, and ultimately settling the case. After the Settlement was reached and presented the Court, Class Counsel has continued to devote effort towards this litigation on behalf of the Class.

## II. THE NOTICE TO THE CLASS SATISFIES DUE PROCESS

8. The Notice program was structured to fulfill all requirements of Due Process while remaining straight-forward and easy to understand. *See* **Ex. 1** (Decl. of Christopher Leung on Notice and Settlement Administration ("Simpluris Decl.")), ¶¶ 3–4.

9. Pursuant to the Settlement Agreement, and following the entry of the Preliminary Approval Order, Defendants provided the Settlement Class List to the Settlement Administrator. *Id.* ¶¶ 3–4.

10. Class Counsel instructed the Settlement Administrator to begin disseminating Notice by direct mail in accordance with the Preliminary Approval Order. *Id.*

11. A reminder notice was issued to Settlement Class Members on April 5, 2024. *Id.* ¶ 4.

12. In addition to the direct notice program, this Settlement was featured on my firm's website as well as on HIPAA Journal (https://www.hipaajournal.com/avem-health-partners-data-breach-settlement/); and Top Class Action (https://topclassactions.com/lawsuit-settlements/open-lawsuit-settlements/avem-health-partners-data-breach-1-45m-class-action-settlement/). *Id.* ¶ 5.

13. In accordance with the Preliminary Approval Order, the Settlement Administrator established a dedicated settlement website, to provide Settlement Class

Members with information concerning the Settlement, the ability to access downloadable copies of the Notice and copies of the Settlement Agreement, and the ability to submit claim forms online. *Id.* ¶ 6. The Settlement Administrator has additionally established an email inbox for Settlement Class Members to obtain information about the Settlement and/or seek other assistance. *Id.* ¶ 8.

14. The Court-approved Notice explains the background and terms of the Settlement and provides members of the Settlement Class with the date of the final approval hearing. The Notice also provides Settlement Class Members with an explanation of the Settlement, the Settlement benefits, the requests for fees and expenses of Class Counsel and service award to Plaintiffs, and the rights and options of Settlement Class Members (including the right to object to the settlement or exclude themselves from the settlement).

### III. THE POSITIVE RESPONSE FROM THE SETTLEMENT CLASS

15. The deadline for Class Members to request exclusion from the Settlement Class or to object to the Settlement passed on April 25, 2024. *Id.* ¶¶ 9–11. Absolutely *no* Settlement Class Member objected to any aspect of the Settlement. *Id.* ¶ 11. Moreover, only five (5) Class Member sought exclusion from the Settlement Class. *Id.* ¶ 10.

16. With approximately a month remaining before the claims deadline, there is a 1.11% claims rate for Postcard Claim Forms and a 0.4% claims rate for online claims forms. *See* **Ex. 2** (weekly status update from Simpluris for the week of April 12, 2024) The number of claims is expected to grow before the May 25, 2024 claims submission deadline. This

claims rate compares favorably to the claims rates in other class action settlements, as evidenced in the below chart:

| Case | Claims Rate |
|---|---|
| *In re Target Corp. Customer Data Sec. Breach Litig.,* No. 14-md-2522, 2017 WL 2178306, at *1–2 (D. Minn. May 17, 2017), *aff'd*, 892 F.3d 968 (8th Cir. 2018) | 0.23 % |
| *In re Hudson's Bay Co. Data Sec. Incident Consumer Litig.,* No. 18-CV-8472 (PKC), 2022 WL 2063864, at *10 (S.D.N.Y. June 8, 2022) | 0.25 % |
| *Corona v. Sony Pictures Entmt., Inc.*, No. 2:14-cv-9600 (C.D. Cal. Apr. 12, 2016), ECF Nos. 164, 166 | 0.7 % |
| *Schneider v. Chipotle Mexican Grill, Inc.*, 336 F.R.D. 588, 599 (N.D. Cal. 2020) | 0.83% |
| *Pollard v. Remington Arms Co.*, LLC, 896 F.3d 900, 906 (8th Cir. 2018) | 0.29% |

17. Overall, the response from the Settlement Class has been extremely positive, which demonstrates Class Members' approval of the Settlement.

**IV.  CONCLUSION**

18. In my professional opinion, the Settlement represents an excellent result for the Settlement Class and merits final approval.

Dated: April 25, 2024                                   Respectfully submitted,

                                                        */s/: William B. Federman*
                                                        William B. Federman
                                                        **FEDERMAN & SHERWOOD**
                                                        10205 N. Pennsylvania Ave.
                                                        Oklahoma City, OK 73120
                                                        Telephone: (405) 235-1560
                                                        wbf@federmanlaw.com

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *William B. Federman*
William B. Federman