## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SAMUEL BINGAMAN, WILLIAM SWIGERT, SHANE WILSON, and MARIA RUSKIEWICZ, individually and on behalf of all similarly situated persons, | ) ) ) ) ) ) | Case No. CIV-23-130-SM<br><br>Consolidated with:<br>Case No. CIV-23-134-SLP |
| Plaintiffs, | ) ) | |
| And | ) ) | |
| ROSALIE DUPUS, individually and on behalf of all similarly situated persons, | ) ) ) ) | |
| Consolidated Plaintiff, | ) ) | |
| v. | ) ) | |
| AVEM HEALTH PARTNERS, INC., | ) ) | |
| Defendant. | ) | |

## FINAL APPROVAL ORDER AND JUDGMENT

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and brief in support, Docs. 60, 61, and Plaintiffs' Unopposed Motion for Award of Attorney's Fees, Reimbursement of Litigation Expenses, and Service Award to Plaintiffs and brief in support, Docs. 63, 64.[1]

---

[1]    Plaintiffs' attorney William B. Federman has filed a Declaration in support of both motions which the Court has considered. Docs. 62, 65.

This Court granted preliminary approval of the parties' Settlement Agreement on January 26, 2024. Doc. 57. Notice to the class members ("Class Members") was sent in accordance with the Preliminary Approval Order providing an opportunity for Class Members to either receive benefits under the Settlement Agreement, opt-out, or submit objections. *See* Doc. 62, at 4-5 & Att. 1; *see also* Doc. 57, at 20-23.[2] No Class Members submitted objections and six Class Members submitted Opt-Out Statements.

The parties appeared before the Court on May 10, 2024, for a final fairness hearing. Doc. 66. Having considered the motions and all supporting documents, the Settlement Agreement and Release, and the parties' statements to the Court at the fairness hearing, the Court GRANTS final approval of the Settlement Agreement, and hereby finds and orders as follows for purposes of settlement only:

1.    This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members with respect to the following Class certified under Rule 23 of the Federal Rules of Civil Procedure: all individuals who were sent notification by Avem that their PII/PHI (names, dates of birth, Social Security numbers, driver's license

---

[2]    Capitalized terms used in this Order and Judgment shall have the definitions assigned to them in the Settlement Agreement unless otherwise indicated.

numbers, health insurance information, and/or diagnoses and treatment information) was or may have been compromised in the Data Security Incident. Excluded from the Settlement Class are: (i) the Judge presiding over this Action, and members of their direct families; and (ii) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

2.      The Court hereby fully, finally, and unconditionally approves the Settlement embodied in the Settlement Agreement as being a fair, reasonable and adequate settlement and compromise of the claims asserted in the Action.

3.      The Class Members have been given proper and adequate notice of the Settlement, fairness hearing, Class Counsel's application for attorneys' fees, and the service award to the Settlement Class Representative.

4.      An affidavit or declaration of the Settlement Administrator's compliance with the Notice process has been filed with the Court. The Notice process as set forth in the Settlement Agreement and ordered in the Preliminary Approval Order constitutes the best notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Class Members in accordance with the requirements of Federal Rule of Civil Procedure 23(c)(2).

5.     The Court hereby orders that the Settlement Agreement shall be implemented in accordance with its terms and conditions pursuant to the Settlement Agreement.

6.     In accordance with the Settlement Agreement, Class Counsel is hereby awarded attorneys' fees in the amount of $435,000 and reimbursement of litigation expenses in the amount of $13,788.58, to be paid as specified in the Settlement Agreement.

7.     In accordance with the Settlement Agreement, Settlement Class Representatives are hereby awarded $1,500 each, for a total of $7,500, to be paid as specified in the Settlement Agreement.

8.     Upon the Effective Date, the Action shall be, and hereby is dismissed with prejudice in its entirety as to Defendant, with each party to bear their own costs and attorneys' fees, except as provided in the Settlement Agreement, and all claims of the Settlement Class Members shall be, and hereby are, dismissed and released pursuant to the Settlement Agreement.

9.     Each Settlement Class Member is bound by this Order and Judgment, including, without limitation, the release of certain claims against the Released Parties as set forth in the Settlement Agreement, which includes as follows:

> any and all claims or causes of action of every kind and description, including any causes of action in law, claims in equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for

4

legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest or expenses) that the Releasing Parties had or have (including, but not limited to, assigned claims and any and all "Unknown Claims" as defined below) that have been or could have been asserted in the Action or in any other action or proceeding before any court, arbitrator(s), tribunal or administrative body (including but not limited to any state, local or federal regulatory body), regardless of whether the claims or causes of action are based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether they are known or unknown, foreseen or unforeseen, suspected or unsuspected, or fixed or contingent, arising out of, or related or connected in any way with the claims or causes of action of every kind and description that were brought, alleged, argued, raised or asserted in any pleading or court filing in the Action, including but not limited to those concerning: (1) the alleged access, disclosure and/or acquisition of Settlement Class Members' [personal information] PII/PHI in the Data Security Incident; (2) Avem's [] maintenance of Settlement Class Members' [personal information] as it relates to the Data Security Incident; (3) Avem's [] information security policies and practices as it relates to the Data Security Incident; and/or (4) Avem's provision of notice to Settlement Class Members following the Data Security Incident.

Doc. 54, Att. 1, at 7-8.

10.    As of the final date of the Opt-Out Period, six potential Class Members have submitted a valid request to be excluded from the Settlement. The names of those persons are: Derek Munzuris, Denise Pendley, Shawna R Sershon, Robert L Sershon, Tanja Dufrane, and Judy D. Bond. Those persons are not bound by this Final Order and Judgment, as set forth in the Settlement Agreement.

11.    The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

12.    This Order and Judgment, and the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by the Defendant of any liability, claim or wrongdoing in this Action or in any other proceeding.

13.    In the event that the Settlement Agreement does not become effective in accordance with the Settlement Agreement, then this Order and Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and in such event, all orders entered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

14.    Without affecting the finality of this Final Approval Order and Judgment in any way, the Court will retain jurisdiction over the subject matter and the parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes, including enforcement of its terms at the request of any party and resolution of any disputes that may arise from the

implementation of the Settlement Agreement or this Final Order and Judgment.

      **IT IS SO ORDERED** this 15th day of May, 2024.


SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE